## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CURTIS A. WATERS,**

**Plaintiff,**

v.                                                        **CASE NO. 20-3293-SAC**

**JOHN SNYDER, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER
## TO SHOW CAUSE

Plaintiff Curtis A. Waters, a prisoner at the United States Disciplinary Barracks (USDB),

Fort Leavenworth, Kansas, brings this *pro se* civil rights action.  For the reasons discussed below,

Plaintiff is ordered to show cause why his Complaint should not be dismissed.

## I.  Nature of the Matter before the Court

Plaintiff's Complaint (ECF No. 1) alleges religious discrimination, assault, sexual assault,

harassment, and retaliation.  In support of the claim of religious discrimination, he recounts two

incidents, on November 3, 2019 and November 5, 2020, when he was forced to receive a haircut.

Plaintiff states that the forced haircuts violated his "religion and vows."  ECF No. 1, at 5.

Plaintiff also alleges that on June 5, 2020, he was in the shower and had repeatedly asked

to be escorted back to his cell when the Forced Cell Move Team (FCMT) arrived.  Members of

the FCMT punched, kneed, and kicked him, even after he was restrained.  Plaintiff received six

stitches as a result.

1

In July of 2020, Plaintiff was on suicide risk (SR) status and had been placed in an empty cell without clothes, not even the smock usually provided to SR inmates.  He was ordered to step out of the cell, and his request for a smock was denied.  He was handcuffed and forced to stand naked in full view of female and male staff members, as well as other inmates.  Plaintiff passed out from the stress of the situation.

On October 13, 2020, Plaintiff was on a hunger strike to protest the mistreatment of max custody inmates and was ordered to receive a blood draw.  Plaintiff refused because it "clashed with [his] religious beliefs."  ECF No. 1, at 6.  He was reading his Bible in his cell when a team of guards in riot gear entered and restrained him.  One of the guards repeatedly grabbed his penis and testicles to inflict pain.

Last, Plaintiff alleges the staff of the USDB has a clear bias against him.  In addition to the incidents described above, he lists having his mail held; aggressive cell searches; missing, broken, and stolen personal property; his mattress being switched for an unusable one; racial slurs; guards walking on his bed with dirty boots; and being ignored when requesting a guard.  He claims he has been maliciously targeted by the USDB staff on countless occasions resulting in injury, property damage, loss of property, and emotional distress.

Plaintiff names as defendants John Snyder, Deputy Commandant of the USDB, and Brian Hampton, Non-Commissioned Officer in Charge of the Department of Operations and Procedures. He seeks immediate transfer to the custody of the Federal Bureau of Prisons, 96 months sentence relief, and $50,000 in financial compensation.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary

dismissal is appropriate. 28 U.S.C. § 1915A(a). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's

complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

### A.  Claim for Damages

Insofar as Plaintiff is attempting to recover damages in his lawsuit, that claim is barred. In *Feres v. United States*, 340 U.S. 135 (1950), the United States Supreme Court determined that the Federal Tort Claims Act did not operate as a waiver of sovereign immunity in an action brought by active-duty military personnel. The Court held that the federal government "is not liable under the Federal Tort Claims Act for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." *Id.* at 146.

4

Federal courts have extended the "incident to service" test to bar other damages actions against military personnel.  In *Chappell v. Wallace*, 462 U.S. 296 (1983), the Court applied the *Feres* doctrine to bar constitutional claims brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), holding "that enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations."  *Chappell*, 462 U.S. at 305; see also *United States v. Stanley*, 483 U.S. 669, 681 (1987) ("Today, no more than when we wrote *Chappell*, do we see any reason why our judgment in the *Bivens* context should be any less protective of military concerns than it has been with respect to FTCA suits, where we adopted an 'incident to service' rule.").

Plaintiff's status as a military prisoner dictates that his claims concerning violation of his constitutional rights arise incident to military service.  In *Ricks v. Nickels*, 295 F.3d 1124 (10th Cir. 2002), the Tenth Circuit noted that:

> At the time he filed the original complaint, Ricks was serving his sentence at the USDB in Fort Leavenworth, Kansas.  The USDB is the Army Corrections System maximum custody facility and provides long-term incarceration for enlisted and officer personnel of the armed forces.  No civilians are confined at the USDB.  The USDB is run by the Commandant, a United States Army military police officer. Military police serve as correctional officers at the USDB, which does not employ civilian guards.

*Id.* at 1126 (rejecting military prisoner's *Bivens* claim under the *Feres* doctrine; plaintiff, although discharged, remained subject to the Uniform Code of Military Justice (UCMJ)).  The Court held that Ricks' alleged injuries stemmed from his military relationship such that it is incident to his military service, where he was convicted in a military court for offenses committed during active duty; was confined in a military institution commanded and operated by military personnel, subject to the USDB's rules and regulations; and was subject to the UCMJ and could be tried by court-

martial for offenses during incarceration.  Likewise, any claim Plaintiff may be making for monetary damages is "incident to military service" and therefore barred by the *Feres* doctrine.

### B.  Request for Transfer to BOP Custody

Plaintiff asks the Court to order his "immediate transfer to the F.B.O.P. [Federal Bureau of Prisons]."  ECF No. 1, at 7.  This is not a remedy the Court can provide.  While military prisoners can be incarcerated in any correctional institution under the control of the United States (*see* 10 U.S.C. § 858(a)), the determination of where a military prisoner is confined rests with the Secretary of the branch of the armed forces concerned.  "[L]ike other federal inmates, a military prisoner has no federal or constitutional right to confinement in a particular facility."  *Maze v. Ledwith*, No. CIV.A. 13-3049-KHV, 2015 WL 5125444, at \*5 (D. Kan. Sept. 1, 2015).

### C.  Request for Sentence Reduction

Plaintiff also requests "96 months sentence relief."  ECF No. 1, at 7.  When a prisoner seeks "equitable relief that will result in immediate or more speedy release, then habeas is the exclusive federal remedy."  *Monk v. Secretary of the Navy,* 793 F.2d 364, 367–68 (D.C. Cir. 1986) ("[W]hen a prisoner challenges action other than his underlying conviction, the nature of the relief requested determines whether habeas corpus is the exclusive federal remedy.")  A petition for habeas corpus relief is a prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release.  *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *McIntosh v. United States Parole Commission*, 115 F.3d 809, 811 (10th Cir. 1997); *see Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005)("Habeas corpus is the only avenue for a challenge to the fact or duration of confinement, at least when the remedy requested would result in the prisoner's immediate or speedier release.").

Plaintiff's claim that he should receive a sentence reduction is subject to dismissal because it is habeas in nature.  This claim is not properly raised in this civil complaint and may only be presented by way of a habeas corpus petition.

### D.  No Personal Participation of Defendants

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the Complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Conclusory allegations of involvement are not sufficient.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").  As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

An official's liability may not be predicated solely upon a theory of respondeat superior.  *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995).  To be held liable under § 1983, a supervisor must have personally participated in the complained-of constitutional deprivation.  *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988).  "[T]he defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

This action is subject to dismissal because Plaintiff fails to allege facts showing the personal participation of each defendant in the alleged constitutional violations.  Plaintiff's

Complaint lists John Snyder and Brian Hampton as defendants but does not contain any allegations that either defendant personally participated in any of the incidents forming the basis of the Complaint. The only reference Plaintiff makes to the defendants is the conclusory statement that the incidents occurred "at the direction of the defendants." ECF No. 1, at 2. There is no indication that the named defendants were even aware of the incidents, let alone that they personally directed them. As explained above, the Supreme Court has criticized complaints that "mentioned no specific time, place, or person involved" in the alleged violations. *Twombly*, 550 U.S. at 565, n. 10. Plaintiff fails to clearly "isolate the allegedly unconstitutional acts of each defendant." See *id*.

The Court concludes that Plaintiff fails to state a claim in his Complaint because he does not name an individual defendant or defendants as directly involved in each scenario and describe the acts or inactions of that person which allegedly violated his constitutional rights.

### E. Religious Discrimination

Plaintiff's claim of "religious discrimination" is subject to dismissal for failure to allege adequate facts in support. Plaintiff does not specify which constitutional right he believes was violated. "Under the First and Fourteenth Amendments, inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citation omitted); *McKinley v. Maddox*, 493 F. App'x 928 (10th Cir. 2012); *Makin v. Colorado Dept. of Corrections*, 183 F.3d 1205 (10th Cir. 1999). Plaintiff alleges he was forced to have his haircut twice in violation of his religious beliefs. However, he does not describe his religious beliefs, and he does not name as a defendant any person who participated in the incidents.

If Plaintiff is attempting to raise an equal protection claim, it also fails.  "The Equal Protection Clause 'keeps governmental decision makers from treating differently persons who are in all relevant respects alike.'"  *Soskin v. Reinertson*, 353 F.3d 1242, 1247 (10th Cir. 2004) (*quoting Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)).  "[T]o state a claim under § 1983 for violation of the Equal Protection Clause, a plaintiff must show that he is a member of a class of individuals that is being treated differently from similarly situated individuals who are not in that class."  *Hunnicutt v. DeSantiago*, 429 F. Supp. 3d 905, 916 (D.N.M. 2019) (*citing see SECSYS, LLC v. Vigil*, 666 F.3d 678, 688 (10th Cir. 2012)).  Plaintiff has not included facts adequately demonstrating that he is in a protected class or that inmates not in that class are treated differently (i.e., not required to have their hair cut).

## IV.  Response Required

For the reasons stated herein, it appears that Plaintiff's Complaint is subject to dismissal under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.  Plaintiff is therefore required to show good cause why his Complaint should not be dismissed.  Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **September 20, 2021**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

**DATED:  This 20ᵗʰ day of August, 2021, at Topeka, Kansas.**

s/  Sam A. Crow
SAM A. CROW
U.S. Senior District Judge