## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**CURTIS A. WATERS, JR.,**

     **Plaintiff,**

     v.                         **CASE NO.  20-3293-SAC**

**JOHN SNYDER, et al.,**

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff filed this pro se civil rights action while incarcerated at the United States Disciplinary Barracks ("USDB").  Plaintiff is currently incarcerated at FCI Petersburg in Petersburg, Virginia.  The Court entered a Memorandum and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff the opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  On October 4, 2021, the Court entered an Order noting that Plaintiff failed to respond to the MOSC and dismissing the Complaint for failure to state a claim.  (Docs. 7, 8.)  This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 9) filed on November 1, 2021.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of*

*Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete*, 204 F.3d at 1012.  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. (citation omitted).  Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff has failed to address any of the deficiencies set forth in the MOSC.  Instead, he claims he did respond to the MOSC and informed the Court that he cannot respond to the MOSC until he obtains his property back from the USDB.  Plaintiff fails to address any of the deficiencies set forth in the MOSC.  The Court found that Plaintiff was barred by the *Feres* doctrine from seeking monetary relief.  The Court also found that habeas is the exclusive remedy for Plaintiff's request for a sentence reduction.  Lastly the Court found that it cannot order Plaintiff's transfer to a BOP facility.  Furthermore, Plaintiff has now been transferred to a BOP facility, rendering his request moot.

Plaintiff has failed to address the deficiencies set forth in the MOSC and has failed to show an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e).  In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its October 4, 2021 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for reconsideration (Doc. 9) is **denied.**

**IT IS SO ORDERED**.

**Dated November 15, 2021, in Topeka, Kansas.**

**<u>s/ Sam A. Crow</u>**
**Sam A. Crow**
**U.S. Senior District Judge**